AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Utah

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RANDALL WALKER HOLLAND | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  2:24-CR-00197-001-DAK<br>USM Number:  20065-511<br><br>John J. Diamond<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    2 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2) and (b) | Distribution of Child Pornography | 5/9/2024 | 2 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    1 and 3    ☐ is    ☑ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/12/2025
Date of Imposition of Judgment

_Dale A. Kimball_ (signature)
Signature of Judge

Dale A. Kimball, U.S. District Judge
Name and Title of Judge

2/12/2025
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___9___

DEFENDANT:   RANDALL WALKER HOLLAND
CASE NUMBER:   2:24-CR-00197-001-DAK

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
84 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

that Defendant be placed at the federal facility in Seagoville, Texas in order to facilitate family visitation and to facilitate sex offender treatment, which the court also strongly recommends.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page   3   of   9

DEFENDANT:   RANDALL WALKER HOLLAND
CASE NUMBER:   2:24-CR-00197-001-DAK

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Life.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
         ☑ The above drug testing condition is suspended, based on the court's determination that you
              pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
         restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
         directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
         reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page    4    of    9

DEFENDANT:  RANDALL WALKER HOLLAND
CASE NUMBER:  2:24-CR-00197-001-DAK

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  5  of  9

DEFENDANT:  RANDALL WALKER HOLLAND
CASE NUMBER:  2:24-CR-00197-001-DAK

## SPECIAL CONDITIONS OF SUPERVISION

1. The court orders that the presentence report may be released to the state sex offender registration agency if required for purposes of sex offender registration.

2. You must participate in and successfully complete sex offender treatment, to include a risk assessment, at a program approved by the U.S. Probation Office. You must abide by the rules, requirements, conditions, policies, and procedures of the program. You must submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider to ensure your compliance with the requirements of your supervision or treatment program. You must allow reciprocal release of information between the U.S. Probation Office and the treatment provider. You are responsible for all costs of your treatment and related services.

3. You are restricted from contact with individuals who are under 18 years of age without adult supervision, as approved by the U.S. Probation Office.

4. You must abide by the following occupational restrictions: Any employment shall be approved by the U.S. Probation Office. In addition, if third-party risks are identified, the U.S. Probation Office is authorized to inform your employer of your supervision status.

5. You must not view, access, or possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2)(A) if the materials, taken as a whole, are primarily designed to arouse sexual desire.

6. You must refrain from incurring new credit charges or opening additional lines of credit unless in compliance with any established payment schedule and obtain the approval of the U.S. Probation Office.

7. You must not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the U.S. Probation Office.

8. You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or anticipated or unexpected financial gains to the outstanding Court-ordered financial obligations. You must immediately notify the probation officer of the receipt of any indicated monies.

9. You must be placed on the Statefinder and Treasury Offset programs, requiring any state and federal tax refunds be intercepted for purposes of Court-ordered financial obligations.

10. You must notify the U.S. Probation Office and the Office of the United States Attorney of any material change in your economic circumstances that might affect your ability to pay Court-ordered financial obligations. You must also notify the U.S. Probation Office and the Office of the United States Attorney of any loss of employment or increase or decrease in income.

11. You must submit your person, property, house, residence, office, vehicle, papers, computer [as defined in 18 U.S.C.§1030(e)(1)], other electronic communications or data storage devices or media to a search, conducted by the probation office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.

12. You must cooperate with the United States Probation and Pretrial Services Computer and Internet Monitoring program; Appendix A, Computer and Internet use (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 U.S.C. § 1030(e)(1)), internet capable devices, networks (routers/ modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which you have access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at your expense.

13. You must inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. You may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor your internet-related activities.

14. You must report any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510 (15)(17)) used for user communications, dissemination, and/or storage of digital media files (i.e. audio, video, images, documents, device backups) to the U.S. Probation Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. You shall provide each account identifier and password, and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. You must permit the U.S. Probation Office to access and search any account(s).

15. The court has determined you pose a risk to another person, specifically minors under the age of 18. If there is a time in which you may come in direct contact with minors under the age of 18, you are required to notify parents, guardians, employers, and/or another responsible party of the risk you pose. The probation officer may contact the appropriate parties to confirm they are aware of the potential risk you pose.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   9

DEFENDANT: RANDALL WALKER HOLLAND
CASE NUMBER: 2:24-CR-00197-001-DAK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 12,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah A. Bianco, in Trust for Dipper | $3,000.00 | $3,000.00 | |
| P.O. Box 6503 | | | |
| Bellevue, WA 98008 | | | |
| | | | |
| Carol L. Hepburn ITF Sloane | $3,000.00 | $3,000.00 | |
| P.O. Box 17718 | | | |
| Seattle, WA 98127 | | | |
| | | | |
| See Next Page | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $            12,000.00 | $            12,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page __7__ of __9__

DEFENDANT: RANDALL WALKER HOLLAND
CASE NUMBER: 2:24-CR-00197-001-DAK

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Moore & Van Allen PLLC (Aaron) | $3,000.00 | $3,000.00 | |
| Attn: Sarah Byrne | | | |
| 100 North Tryon Street, Suite 4700 | | | |
| Charlotte, NC 28202 | | | |
| | | | |
| Jones Day on Behalf of SV | $3,000.00 | $3,000.00 | |
| c/o Kristen Smith and Sarah Gleason | | | |
| 110 North Wacker Dr., Suite 4800 | | | |
| Chicago, IL 60606 | | | |

    * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___8___ of ___9___

DEFENDANT:  RANDALL WALKER HOLLAND
CASE NUMBER:  2:24-CR-00197-001-DAK

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ ___100.00___  due immediately, balance due

         ☐  not later than _____ , or
         ☑  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
      Defendant shall pay the greater of $25 per quarter or 50% of his income while incarcerated. If Defendant receives
      more than $200 from any outside source in any given month during the period of incarceration, all funds received
      in excess of $200 that month shall be paid toward restitution. Defendant shall pay restitution at a minimum rate of
      $200 per month upon release from incarceration. The court waives the accrual of interest.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
     See next page for full list of forfeited items.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page   9   of   9

DEFENDANT:  RANDALL WALKER HOLLAND
CASE NUMBER:  2:24-CR-00197-001-DAK

## ADDITIONAL FORFEITED PROPERTY

- Samsung Galaxy 10 cell phone
- Seagate External Drive, SN: NAB61FL9
- Olympus SD card
- Verbatim USB Drive
- Cyber Power Computer Tower, SN: ET6480-5524
- HP Computer Tower, SN: CNV6500J0K